IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASEY COOMBS et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No.:  1:19cv3363 |
| | ) |
| **ISLAMIC REPUBLIC OF IRAN,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER APPOINTING SPECIAL MASTER

THIS MATTER having come before the Court on Plaintiffs' Motion to Appoint Special Master, and the Court having been sufficiently advised and informed, and for good cause shown, it is hereby ORDERED and ADJUDGED that Ms. Deborah Greenspan is hereby appointed as Special Master to take evidence and file a report and recommendation regarding the compensatory damages claims at issue in this case.

In accordance with Rule 53 of the Federal Rules of Civil Procedure, the Special Master has supplied a declaration confirming her impartiality and credentials. The Court finds this submission satisfactory and compliant with the requirements of Rule 53. As further mandated by Rule 53, the Court sets out the following duties and terms of this appointment.

### I.     APPOINTMENT

Having reviewed the Motion to Appoint and its attached documentation, the Court hereby appoints Ms. Deborah Greenspan to serve as Special Master in this case for the purpose of making recommendations to the Court concerning the proper amounts of compensatory damages.

**II.     POWERS & DUTIES**

The Special Master shall consider all issues related to compensatory damages as to each eligible claim that comes before her, including recommending findings of fact and conclusions of law as to whether each individual plaintiff has standing to obtain damages under the relevant statute. To do so, the Special Master shall have authority to exercise all powers set forth in Rule 53(c), including, but not limited to, the power to take and record evidence and administer oaths. Testimony may be received by sworn affidavits. All of Plaintiffs' evidence shall be preserved by Plaintiffs' counsel, who shall retain it for subsequent use or reference by the Court. The Special Master shall be guided in reviewing and evaluating damages claims by prior Foreign Sovereign Immunities Act opinions issued by this Court.

As to the admissibility of evidence, the Special Master shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901. Authentication shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what counsel proffers it to be. Moreover, the Special Master shall be guided by the opinion of *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017) with respect to the entry of evidence in terrorism cases when defendants fail to appear.

**III.    *EX PARTE* COMMUNICATIONS**

The Special Master may communicate *ex parte* with the Court or with Plaintiffs' counsel to the extent she determines it is reasonable and in the aid of the efficient and economical resolution of her duties. Counsel for Plaintiffs may also communicate with the Special Master *ex parte* as reasonably necessary.

**IV.    REPORTS**

Within 90 days of receiving completed damages submissions, the Special Master shall submit a report to the Court via ECF containing findings of fact and conclusions of law regarding each claim. Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 days of the date it was electronically filed. Failure to meet this deadline results in permanent waiver of any objection.

As provided in Rules 53(f)(3)–(4), the Court shall decide *de novo* all objections to issues of fact and conclusions of law made or recommended by the Special Master. As provided in Rule 53(f)(5), the Court shall set aside a ruling by the Special Master on a procedural matter only as a result of an abuse of discretion.

**V.    COMPENSATION**

Section 1605A indicates that the Special Master shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605(e)(2). Within two weeks of the entry of any damages award in this case, the Special Master shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice. The Special Master shall append to any such motions any vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expense incurred. Such vouchers should also include a calculation of total pay sought.

For each day during which the Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which the Special Master works for an amount of time greater than four hours, the Special

Master shall be paid $1,200.00. The Special Master shall also be paid for reasonable business expenses, excluding transportation expenses. Payment for such business expenses shall be limited to $50.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses, if any, incurred. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

It is SO ORDERED on this \_\_\_ day of _____, 2022.

_____
Judge, United States District Court